[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15216
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-60238-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK AIKEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 24, 2009)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Patrick Aiken appeals from the district court's order denying his motion to compel the government to file a motion for a sentencing reduction based on his substantial assistance, pursuant to U.S.S.G. § 5K1.1. For the reasons set forth below, we affirm.

**I.**

After Aiken pled guilty to various robbery, drug, and weapons charges, he filed a motion to compel the government to specifically perform its obligations under a prior agreement that it had allegedly entered with Aiken. Aiken explained that, after the plea hearing, the parties verbally agreed that the government would move for a sentencing reduction under U.S.S.G. § 5K1.1 if Aiken provided substantial assistance. Aiken alleged that, the following day, he performed his end of the agreement by providing information that substantially assisted the government in preparing for its trial against his codefendants. Thus, Aiken argued that the government was obligated to file a § 5K1.1 motion and that its failure to do so was "not being taken in good faith."

The government denied entering into any oral agreement with Aiken. For that reason, the government argued that, under the Supreme Court's decision in Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), Aiken had to show that the government's refusal to file a § 5K1.1 motion was on

account of an unconstitutional motive, such as race or religion. The government also argued that the information provided by Aiken did not rise to the level of substantial assistance.

Aiken replied by describing three potential scenarios. First, Aiken explained that where there was no substantial-assistance agreement at all, as in Wade, the defendant must show that the government's refusal to file a § 5K1.1 motion was on account of an unconstitutional motive. Second, Aiken explained that where an agreement granted the government the sole and unreviewable discretion to file a § 5K1.1 motion, the government's failure to file such a motion was also subject to review only for an unconstitutional motive. Third, however, Aiken explained that where the government expressly agreed to file a § 5K1.1 motion if the defendant provided substantial assistance, the government's refusal to file such a motion was reviewed for good faith under Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Thus, Aiken asserted that his case fell under the third category, and, because he provided substantial assistance to the government in accordance with the oral agreement, the government was required to act in good faith and file a § 5K1.1 motion.

The court held a hearing on Aiken's motion to compel, and the parties repeated their arguments. After defense counsel acknowledged that the

3

government had never affirmatively stated that it would act in good faith, the court then asked how there could have been a "meeting of the minds." Defense counsel responded:

> There are a number of ways that a contract can arise, Your Honor. But specifically under these circumstances [the prosecutor] approached me, asked if my client was still interested in cooperating, said he would give him the 5K if he provides substantial assistance, and Mr. Aiken [relied on that] to his detriment . . . .

The government then asserted that Aiken's unilateral conduct could not create a binding contract with the government. Defense counsel responded:

> Well, Judge, I can address that. Certainly unilateral contracts arise all the time. This one if you wanted to call it quantum meruit it would categorize – it could fall into that category. [The prosecutor] accepted Aiken's cooperation to Mr. Aiken's detriment. That certainly brings a contract – in fact, an implied contract.
>
> But more importantly, Your Honor, I am before the court proffering that there was an agreement. . . . I am proffering that there was an agreement, that the sole and unreviewable discretion language that's usually put into these agreements is definitely not part of that agreement which gives the government an out under these circumstances, and under that – the facts that are presented to the court, the standard is what would be applied to any contract which is the parties must execute their obligations in good faith. The government is not doing so here.

Approximately two weeks later, the court held an evidentiary hearing on the motion to compel. The defense called the prosecutor involved in the alleged oral agreement with Aiken, who testified that he did not agree to file a § 5K1.1 motion

4

if Aiken were to provide substantial assistance. He also testified that he did not file a § 5K1.1 motion because the information that Aiken provided did not rise to the level of substantial assistance. Defense counsel then took the stand and gave conflicting testimony, namely, that the prosecutor had in fact agreed to file a § 5K1.1 motion if Aiken provided substantial assistance.

After this testimony, defense counsel presented the following legal argument to the court:

> Judge, I return to what I said to the Court previously the last time there was a hearing on this issue. If there was a matter where the Court believes that the decision to grant a 5K is left to the sole and unreviewable discretion of the United States Attorney's Office, [then] Mr. Aiken cannot make the showing that is required under the case law dealing with that, which is that there is a . . . constitutionally impermissible decision that has been made on the part of the government, for instance, race. I do not allege that. I cannot make that showing. That is not what is going on here.
>
> However, when there is an agreement between the government and the defense, Your Honor, that does not include that provision, the agreement should be evaluated on the good faith performance of the government and the defendant. Simply put, Mr. Aiken lived up to his end of the bargain. The only thing the government was obligated to do was to evaluate the nature of his cooperation in good faith.

The government responded by reiterating that there was no oral agreement and Aiken's assistance was not substantial. The court confirmed with defense counsel once more that his position was that the government orally agreed to file a § 5K1.1 if Aiken provided substantial assistance. At the end of the hearing, the court

5

denied Aiken's motion to compel and stated that it would subsequently enter an order setting out its reasons.

After the court sentenced Aiken to a total of 180 months' imprisonment, the court entered an order denying Aiken's motion to compel. The court summarized Aiken's motion as follows: "Aiken claims that [the prosecutor] made an oral agreement with him that the Government would move for a reduction of sentence if Aiken rendered . . . substantial assistance." Based on the testimony and the evidence presented at the hearing, the court concluded that the government did not enter into such an agreement with Aiken and that, even if it did, the government did not act with an unconstitutional motive or bad faith in finding that Aiken's assistance did not rise to the level of substantial assistance. This appeal followed.

## II.

"Where a defendant fails to <u>clearly</u> articulate a specific objection . . . , the objection is waived on appeal and we confine our review to plain error." <u>United States v. Zinn</u>, 321 F.3d 1084, 1088 (11th Cir. 2003). In this respect, we have explained:

> Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal.

6

Id. at 1087-88. "To find reversible error under the plain error standard, we must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." Id. at 1087.

**III.**

On appeal, Aiken argues that, under the theory of quantum meruit, an implied agreement was created by the conduct of the parties, thereby obligating the government to act in good faith and file a § 5K1.1 motion upon receipt of his substantial assistance. However, the parties dispute the threshold issue of whether Aiken sufficiently raised this argument in the district court.

Aiken points to the following statement by defense counsel at the first hearing on the motion to compel: "Certainly unilateral contracts arise all the time. This one if you wanted to call it quantum meruit it would categorize – it could fall into that category. [The prosecutor] accepted Aiken's cooperation to Mr. Aiken's detriment. That certainly brings a contract – in fact, an implied contract." Significantly, however, Aiken does not quote defense counsel's next statement: "But more importantly, Your Honor, I am before the court proffering that there was an agreement." This qualifying statement accurately captured Aiken's position in the district court, as he consistently proceeded only under the theory that there was an express oral agreement between the parties. See United States v.

7

Massey, 443 F.3d 814, 819 (11th Cir. 2006) ("The defendant also fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a different legal theory.").

In light of the proceedings as a whole, Aiken's one isolated – and qualified – reference to quantum meruit at the first hearing was insufficient to apprise the court that he was proceeding under such a theory. This is confirmed by the district court's order denying the motion to compel, which summarized Aiken's argument as being premised on the existence of an express oral agreement. In this respect, it is worth emphasizing that the court, at the end of the evidentiary hearing, actually clarified with defense counsel that Aiken was proceeding under such a theory. Thus, the court's failure to "grasp" Aiken's isolated, in-passing, and qualified reference to quantum meruit at the first hearing – which, notably, was not repeated at any point during the subsequent evidentiary hearing – was more than "excusabl[e]." See Zinn, 321 F.3d at 1087-88. Therefore, we conclude that Aiken did not sufficiently raise his quantum meruit theory below, and, as a result, we review his argument for plain error. Id. at 1087.

In this case, Aiken concedes that there is no binding authority supporting his implied contract/quantum meruit argument. Thus, even assuming arguendo that

8

the district court committed error, that error was not plain. See United States v.

Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit

that . . . there can be no plain error where there is no precedent from the Supreme

Court or this Court directly resolving [an issue].").  Accordingly, we affirm.

**AFFIRMED.**